UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

                    Plaintiff,

v.

D-4 SHAWN EUGENE
WIMBERLY,

                    Defendant.

_____/

CRIMINAL NO. 93-CR-50028
HONORABLE: PAUL V. GADOLA

OFFENSE:
<u>COUNT TWO</u>
21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846
(Conspiracy to Distribute Controlled
Substances)

STATUTORY MINIMUM
INCARCERATION PERIOD:  10 years

STATUTORY MAXIMUM
INCARCERATION PERIOD:  Life

STATUTORY FINE:  Up to $4,000,000

SUPERVISED RELEASE:  At least 5 years

<u>COUNT TWELVE</u>
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute Cocaine)

STATUTORY MAXIMUM
INCARCERATION PERIOD:  20 years

STATUTORY FINE:  Up to $1,000,000

SUPERVISED RELEASE:  At least 3 years

<u>COUNT THIRTEEN</u>
21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
(Distribution of Cocaine/Aiding and Abetting)

STATUTORY MINIMUM
INCARCERATION PERIOD:  5 years

STATUTORY MAXIMUM
INCARCERATION PERIOD:  20 years

STATUTORY FINE: Up to $2,000,000

SUPERVISED RELEASE:  At least 4 years

<u>RULE 11 PLEA AGREEMENT</u>

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the U.S. Attorney for the Eastern District of Michigan ("U.S. Attorney") agree as follows:

1.      <u>Guilty Plea</u>.

A.      Defendant will plead guilty to counts <u>two, twelve, and thirteen</u> of the third superseding indictment.

B.      The facts or elements that the government would need to prove beyond a reasonable doubt at trial are:

1.      <u>Count Two</u>

(a)      that two or more persons conspired or agreed to commit the crime of distributing cocaine,

(b)    that the defendant knowingly, intentionally, and voluntarily joined the conspiracy; and

(c)    to establish the statutory sentencing range, the government would need to prove beyond a reasonable doubt that the defendant knew, or reasonably foresaw, that the conspiracy involved the actual distribution or planned distribution of 5 or more kilograms of cocaine.

2.    <u>Count Twelve</u>

(a)    that the defendant possessed cocaine, a Schedule II controlled substance,

(b)    that the defendant possessed this cocaine with a specific intent to distribute it, and

(c)    that he did so knowingly intentionally, and voluntarily.

3.    <u>Count Thirteen</u>

(a)    the defendant distributed cocaine, a Schedule II controlled substance, and

(b)    he did so knowingly, intentionally, and voluntarily;

4.    As to <u>Count Thirteen</u>, the crime can be established if the

defendant aided, abetted another in committing the crime, the

elements of which are:

(a)    First, that the crime alleged in Count Thirteen was

committed.

(b)    Second, that the defendant helped to commit the

pertinent crime or encouraged someone else to commit

the pertinent crime.

(c)    Third, the defendant intended to help commit or

encourage the pertinent crime.

C.    The parties stipulate to the following, which the U.S. Attorney

is prepared to prove, as an accurate factual basis for defendant's guilty plea:

1.    <u>Count Two</u>.  During the time frame of 1987 until May 1993, Shawn

Eugene Wimberly conspired and agreed with Olee Wonzo Robinson

and other persons based in Detroit, Michigan; Flint, Michigan; Los

Angeles, California; and elsewhere to assist one another in the

distribution of over 15 kilograms of powder cocaine.  During this

time frame, Shawn Eugene Wimberly made trips to Los Angeles,

California to acquire kilograms of cocaine from sources he developed

in that city for Olee Robinson and others, returning with the cocaine

to Michigan (often in the company of others assisting him) so that the

cocaine could be sold in Michigan.

2.    Count Twelve.  On February 17, 1993, Shawn Eugene Wimberly was

driving a vehicle in which he knowingly possessed approximately one

kilogram of powder cocaine.  He was stopped by a marked Westland

Police  patrol vehicle for a traffic violation.  After learning a warrant

was out for Mr. Wimberly's arrest, the police officer approached Mr.

Wimberly's vehicle and told Mr. Wimberly to exit the vehicle.  Mr.

Wimberly sped away.  The police officer chased Mr. Wimberly in his

patrol vehicle.  During the chase, Mr. Wimberly threw the kilogram

of cocaine out of the window of his motor vehicle.  Mr. Wimberly

evaded the police officer through aggressive driving, abandoned his

vehicle, and evaded arrest until September 2002.  The cocaine in the

vehicle was intended to be sold to other persons.

3.    Count Thirteen.  During March 1-2, 1993, Shawn Eugene Wimberly

accompanied Edward Osborne in an airplane from Detroit-Metro

Airport in Romulus, Michigan to Los Angeles, California.  While in

Los Angeles, Shawn Eugene Wimberly knowingly helped acquire

approximately one kilogram of cocaine for a return shipment by airplane to Detroit-Metro Airport for subsequent sale (distribution) in the Detroit and Flint, Michigan areas. The cocaine was successfully acquired by Shawn Wimberly in Los Angeles, transferred to the joint possession of Edward Osborne and him, and sent back to the Detroit area in the same airplane used by Wimberly and Osborne. While at the Detroit-Metro Airport, Shawn Wimberly became suspicious that an undercover law enforcement officer was watching him near the baggage claim area. Wimberly decided not to retrieve the cocaine, abandoned it, and left the airport.

2.    <u>Sentence Agreement</u>.

A.    <u>Imprisonment</u>. Pursuant to Rule 11(e)(1)(C), the government agrees that a sentence of no more than <u>the mid-point of the sentencing guideline range that the court finds to be applicable</u> is an appropriate disposition of the case. However, defendant has also been advised that he is facing a ten-year statutory minimum.

B.    <u>Fine</u>. Pursuant to Rule 11(e)(1)(C), the government agrees that a fine no higher than the maximum of the applicable sentencing guidelines range is an appropriate disposition of the case.

C.    Supervised release.  The court will impose a term of supervised release to follow imprisonment.  The supervised release term that the court chooses will be at least 5 years.  If defendant violates a condition of release, the court will then be able to impose an additional prison sentence that could be as long as the original term of release.  This agreement does not limit the sentence the court could impose in that situation.

D.    Special Assessment.  Defendant must pay a special assessment of $300 and must bring the receipt to court on the day of sentencing.

3.    Determining the appropriate sentence.

A.    Factors affecting the sentence.  The attached worksheets represent the stipulation of the parties with respect to all of the sentencing guideline provisions that they believe apply in this case (including any grounds for departure).  The court may reject these calculations.  Despite these stipulations, the U.S. Attorney is not restricted from presenting any evidence or other factual information to the court.  The government may also defend the court's determinations on appeal or in any other proceeding. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after making this plea offer, the U.S. Attorney's office learns of information inconsistent with that adjustment.

B.     Rejection of agreement.  If the court rejects the sentence

agreements found in part 2.A and 2.B. only of this agreement, defendant

may:  (1) withdraw the guilty plea, or (2) continue with the plea and risk

receiving a sentence higher than that agreed to by the parties.  The U.S.

Attorney's office may withdraw from the agreement if it learns prior to

sentencing of information inconsistent with the stipulated guidelines

calculations.  Defendant agrees that any delay prior to either side's

withdrawal from the agreement is excludable under the Speedy Trial Act.


4.     Defendant's Obligations.  Defendant agrees to assist the United States

Attorney's Office in the investigation and prosecution of others involved in

criminal activities, as specified below.


A.     Truthful Information and Testimony.  Defendant will provide

truthful and complete information.  Defendant will provide full debriefings

as requested to the U.S. Attorney, and federal, state, and local law

enforcement agencies.  Defendant will provide truthful testimony at all

proceedings, criminal, civil, or administrative, as requested by the U.S.

Attorney.  Such testimony may include, but is not limited to, grand jury

proceedings, trials, and pretrial and post-trial proceedings. Defendant agrees to be available for interviews in preparation of all testimony. Defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation. Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

   B. <u>Nature of Cooperation.</u> The defendant agrees to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement. Defendant will notify the U.S. Attorney in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation

under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

5.    Government's Authority Regarding Substantial Assistance

    A.    Substantial Assistance Determination.    It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

    B.    Downward Departure.    The parties agree that if the government makes such a motion at or before the time of sentencing, the government will recommend that the defendant be sentenced within a range of to ~~a downward departure. Met~~ RAA months. If the motion is made after sentencing (pursuant to Rule 35,

~~Federal Rules of Criminal Procedure), the government will recommend the~~
~~same departure as stated above~~. The court's failure to follow such a

recommendation, if made, is not a valid basis for defendant to withdraw the

guilty plea or to rescind the plea agreement.

       C.     Use of Information Against Defendant.  In exchange for

defendant's agreement  to cooperate with the government, as outlined above,

the government agrees not to use new information that defendant provides

(pursuant to this agreement) about defendant's own criminal conduct against

defendant at sentencing in this case.  Such information may be revealed to

the court but may not be used against the defendant in determining

defendant's sentence range, choosing a sentence within the range, or

departing from the range.  There shall be no such restrictions on the use of

information: (1) previously known to law enforcement agencies; (2)

revealed to law enforcement agencies by, or discoverable through, an

independent source; (3) in a prosecution for perjury or giving a false

statement; or (4) in the event there is a breach of this agreement.

6.    Subsequent challenges to conviction or breach of agreement.

       A.     If at any time the defendant tries to withdraw the guilty plea to

any count; attacks the validity of the conviction on any count; or fails to

comply with the terms of the agreement, the government is released from its promises under this agreement and, in particular, may prosecute defendant on any charge that it agreed to dismiss or not to bring. In addition, if defendant's conviction on any count is vacated, the government may request resentencing on any remaining count.

B. Defendant waives a double jeopardy defense as to any charges the government brings or pursues under the previous paragraph. Defendant waives any speedy trial or statute of limitations defense for the period of time between the date defendant signed this agreement and (a) the date an order permitting withdrawal of the plea, vacating the plea, or reversing the conviction on any count becomes final, or (b) the date the U.S. Attorney notifies defendant in writing of defendant's failure to comply with the agreement; whichever is later.

7. Defendant's waiver of appeal rights. If the court imposes a sentence equal to or less than the maximum sentence described in ¶ 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

8.    No other terms.  This document is the entire agreement between defendant

and the U.S. Attorney with respect to the charges noted above in this criminal

case.  It does not prevent any civil or administrative actions against defendant or

any property by the government or any other party.  There are no other parties to

this agreement.

9.    Acceptance of agreement.  This offer automatically expires unless it has

been received (fully signed) in the Office of the U.S. Attorney by 5:00 p.m. on

November 4, 2002.  The U.S. Attorney also reserves the right to modify or revoke

the offer prior to defendant's plea of guilty.

JEFFREY G. COLLINS
United States Attorney

Dated: 10-18-02

Robert W. Haviland
ROBERT W. HAVILAND (P25665)
Assistant U. S. Attorney-in-Charge

Dated: 10-18-02

Mark C. Jones
MARK C. JONES (P33325)
Assistant U. S. Attorney
600 Church Street, Ste. 210
Flint, Michigan 48502-1280
Telephone number (810) 766-5177
FAX number (810) 766-5177  5427
E-mail: Mark.Jones2@usdoj.gov

By signing this document, the defendant acknowledges that he has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with his attorney's advice and representation.

Dated: 4-25-03

SHAWN EUGENE WIMBERLY
Defendant

Dated: 4/25/03

RALPH H. RICHARDSON (P19425)
Attorney for Defendant
2910 E. Jefferson Ave.
Detroit, MI 48207
Telephone: (313) 393-6700
FAX number: (313) 393-6701

# WORKSHEET A   (Offense Levels)

| | | | |
|---|---|---|---|
| Defendant: | Shawn Eugene Wimberly | Count(s): | 2, 12, 13 |
| Docket No.: | 93-CR-50028 | Statute(s): | 21 U.S.C. § § 841(a)(1), 841(b)(1)(A) and 846; 21 U.S.C. § 846(a)(1); and 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 |

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2D1.1(c)(3) | At least 15 kilograms but less than 50 kilograms of cocaine | 34 |
| | | |
| | | |
| | | |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.1(b) | Management role (locating and dealing with out-of-state cocaine suppliers) | 3 |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**37**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET C  (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):      1987

## 1.  PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):     **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (c)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):     **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):     **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18, but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(c) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**(WORKSHEET C, p. 2)**

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

_____

**3.   COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However, enter only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____

**4.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____

_____

**5.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

**6.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |



(rev. 06/99)

## <u>WORKSHEET D</u>   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**



Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**



**3.    TOTAL OFFENSE LEVEL**



Enter the difference between Items 1 and 2.

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.    CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



b.   <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.



12 - 15

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

120 month statutory minimum

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

## WORKSHEET E  (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**



   a.   <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

☒   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

☐   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

☐   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b.   <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

☐   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

☐   2.   No more than 3 years (total offense level < 6).

   c.   <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

☒   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

☐   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E, p. 2)**

4. **SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

    a.  Imposition of a Term of Supervised Release  (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

        ☐  1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        ☐  2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        ☐  3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        ☒  4.  The statute of conviction requires a minimum term of supervised release of 60 months.

    c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

        ☐  1.  The court will determine whether restitution should be ordered and in what amount.

        ☐  2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

        ☐  3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

        ☐  4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

        ☒  5.  Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

6. **FINE (U.S.S.G. § 5E1.2)**

    a. Fines for Individual Defendants

    The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

|     Minimum Fine     |     Maximum Fine     |
|----------------------|----------------------|
| $   17,500           | $   175,000          |

7. **SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

    The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

    $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
    $ 25.00 for every count charging a Class A misdemeanor,
    $ 10.00 for every count charging a Class B misdemeanor, and
    $  5.00 for every count charging a Class C misdemeanor or an infraction.

    The defendant must pay a special assessment or special assessments in the total amount of $ 300   ~~$150~~ *men* RHC sa)

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

    List any additional applicable guideline, policy statement, or statute.

    _____

9. **UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

     The government, in its complete discretion, may make a substantial assistance downward departure

     motion pursuant to the terms of the Rule 11 Plea Agreement.

                                                                                    (rev. 06/99)