UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN EUGENE WIMBERLY,
    PETITIONER,

vs.                              CIVIL NO: 05-40069
                                    CRIM NO: 93-CR-50028-4

                                    HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,    HON. STEVEN D. PEPE
    RESPONDENT.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

Respondent has filed a motion for reconsideration (Dkt. #622) of this Court's Order Appointing Counsel and Setting Evidentiary Hearing (Dkt. # 616). Because this is not an order resolving a motion, Local Court Rule 7.1(g)(3)[1] is not directly applicable, but its principle of a need to show some defect in the order is an appropriate guideline for reconsideration of an order for an evidentiary hearing on a § 2255 motion.

Respondent points to a declaration by Petitioner's counsel which was attached to Respondent's Answer (Dkt. #603), in which defense counsel states that Petitioner agreed that no notice of appeal would be filed. Respondent also reproduces portions of the plea and sentencing

---

[1] Local Rule 7.1(g)(3) provides:
Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

hearings, during which the Court reviewed Petitioner's plea agreement and the appeal waiver provision contained therein. Respondent argues that defense counsel's declaration and the record of the hearings obviate the need for any evidentiary hearing on the issue of whether Petitioner requested that a notice of appeal be filed.

> A simple statement from this criminal, a person who was a fugitive for <u>ten years</u>, without any explanation or documentation, that he told his lawyer to appeal should not override an express declaration refuting petitioner's claim from a member of the federal bar in the context of silence following the administration of his appeal rights at sentencing and explicit oral and written appeal waivers.

(Dkt. #622, p.7)

In its motion to reconsider, Respondent seeks to avoid an evidentiary hearing on an apparent assumption that this Court should make evidentiary findings on conflicting contentions regarding material facts based on written submissions. While appreciative of the time and resources that are expended on conducting an evidentiary hearing, ordering such a hearing – which is the centerpiece of the adversary system for resolving disputes of material fact – is not, as Respondent argues, allowing Petitioner's statement (that he requested his counsel to filed an appeal) to override the declaration of his counsel or the record. Rather, a limited evidentiary hearing on Petitioner's claim, which relates to off-the-record interactions between Petitioner and his counsel, permits this Court utilize traditional and appropriate procedures to make the required credibility determinations and factual findings that will withstand the scrutiny of further judicial review. *See, e.g., Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998*), Carrion v. United States*, 107 Fed. Appx. 545 (6th Cir. 2004), *Greene v. U.S.*, 191 F.3d 452 (table), 1999 WL 777570 (6th. Cir. 1999). Just as conflicting assertions in a civil motion for summary judgment do not eliminate the need for a trial to resolve such conflicts, but rather indicate the need for such further adversary proceedings, so too the conflict here should not be resolved on

written submissions that are not subject to cross-examination.  Respondent has cited no authority holding that an evidentiary hearing is not appropriate or permissible in such a case as this.

    Therefore, Respondent's Motion for Reconsideration is **DENIED**.


Dated: April 19, 2007                                          s/Steven D. Pepe
      Flint, Michigan


## CERTIFICATE OF SERVICE

    I hereby certify that on <u>April 19, 2007</u>, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Mark Jones and Ken Sasse</u>, and I hereby certify that I have mailed by United States Postal Service a copy of the paper to the following non-ECF participants: <u>not applicable</u>

                                         s/James P. Peltier
                                         James P. Peltier
                                         Courtroom Deputy Clerk
                                         U.S. District Court
                                         600 Church St.
                                         Flint, MI 48502
                                         810-341-7850
                                         pete_peltier@mied.uscourts.gov